### BUFORD GILLOCK v. STATE.
No. A-4505.    Opinion Filed May 13, 1924.
(225 Pac. 567.)

(Syllabus.)

**Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Possession.** In a prosecution for unlawful possession of intoxicating liquors, evidence held sufficient to sustain conviction.

Appeal from County Court, Pittsburg County; S. F. Brown, Judge.

Buford Gillock was convicted of violating the prohibitory liquor law, and he appeals. Affirmed.

Wilkinson & Hudson, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that appellant, Buford Gillock, and John Newall did have in their possession about 2½ gallons of whisky with the unlawful intent to sell the same. Defendant John Newall entered a plea of guilty. On appellant's trial he was found guilty, and his punishment fixed at confinement in the county jail for 30 days and a fine of $50. He has appealed from the judgment rendered upon such conviction.

The only question presented by the record in this case is the sufficiency of the evidence to support the verdict. J. B. Dowell testified:

"I am a special officer in the Indian Service. I secured a search warrant and with the sheriff of Pittsburg county served the same by searching Mr. Gillock's premises. We found two gallons and one quart of whisky; the quart was in the house and the two gallons hid in the weeds about 50 feet away from the house. One hundred yards west of the house we found a copper still. It was covered with brush and weeds. In a little log house that was being used for a hog pen, 150 yards east of the house, near a spring, we found a 50-gallon barrel of mash, and there was a new tub setting there. I poured the mash out and broke the barrel; then Mr. Gillock asked me not to chop the tub up—that it was his tub. Mr. Gillock also had a 10-gallon keg of Choctaw beer in the house."

W. S. Sanders, sheriff of Pittsburg county, testified substantially to the same facts. The state rested, and appellant moved for an acquittal in the form of a demurrer to the evidence, which was overruled.

As a witness in his own behalf, Buford Gillock testified that the whisky found by the officers belonged to John Newall; that he had a pint of whisky in the cupboard and drank

it after the officers came there, and that he never sold a drop of intoxicating liquor in his life; that he had a' contract with John Newall to make a crop with him.

We deem it sufficient to say that the record shows that the trial was exceptionally free from error, the instructions fairly presented the law of the case, and the testimony on the part of the state, if credited, as it was, was amply sufficient to sustain the verdict.

The judgment is therefore affirmed.

MATSON, P. J., and BESSEY, J., concur.